ANGELA FONTANINI (CA SBN 259743)
BALPREET THIARA (CA SBN 265150)
GABRIEL OZEL (CA SBN 269098)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for  DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE3

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re | Case No. 2:09-bk-30545-AA |
|---|---|
| NICOLAS ALMONTES, | Chapter 13 |
| Debtor(s) | STIPULATION FOR ADEQUATE PROTECTION RE: SECTION 362 STAY |
| | Date: April 28, 2010<br>Time: 11:30 a.m.<br>Ctrm: 1375 |
| | 255 East Temple Street<br>Los Angeles, CA 90012 |

- 1 -

| Attorney or Party Name, Address, Telephone & Fax Numbers, and California State Bar Number | FOR COURT USE ONLY GABRIEL OZEL |
|---|---|
| EDDIE R. JIMENEZ (CA SBN 231239) <br> GABRIEL OZEL (CA SBN 269098) <br> PITE DUNCAN, LLP <br> 4375 Jutland Drive Suite 200 <br> P.O. Box 17933 <br> San Diego, CA 92177-0933 <br> Telephone: (858)750-7600    Fax: (619) 590-1385 <br><br> ☐ Individual appearing without counsel <br> ☒ Attorney for: DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE3 | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: <br><br> NICOLAS ALMONTES, Debtor(s), and KATHY A DOCKERY, Chapter 13 Trustee. | CHAPTER: 13 |
|---|---|
| | CASE NO.: 2:09-BK-30545-AA |
| | DATE:    April 28, 2010 <br> TIME:    11:30 a.m. <br> CTRM:    1375 <br> FLOOR:    13th |

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
## (MOVANT: DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE3)

1. The Motion was:    ☐ Contested    ☐ Uncontested    ☒ Settled by Stipulation

2. The Motion affects the following real property ("Property"):

    Street Address:    1065 North Stimson Avenue
    Apartment/Suite No.:
    City, State, Zip Code:    La Puente, California 91744

    Legal description or document recording number (including county of recording): Los Angeles; Inst. No. 06 0153204

    ☐    See attached page.

3. The Motion is granted under:    ☐ 11 U.S.C. § 362(d)(1)    ☐ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3)
    ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
    a.    ☐ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
    b.    ☐ Annulled retroactively to the date of the bankruptcy petition filing.
    c.    ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

(This Order is continued on next page)

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                                    F 4001-10.RP

F 4001-10.RP

Order on Motion for Relief from Stay (Real Property) – Page 2 of 6

| In re:<br>NICOLAS ALMONTES and KATHY A DOCKERY, Chapter 13 Trustee | CHAPTER 13<br>CASE NUMBER 2:09-BK-30545-AA |
|---|---|

6. ☐ Movant shall not conduct a foreclosure sale before the following date *(specify)*:

7. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:

   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.

   ☐ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)4(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:

    a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b. ☐ The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

    c. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-10-ER)*.

    d. ☒ See attached continuation page for additional provisions.

Approved as to Form and Content:

_/s/ Anthony Egbase_
Anthony Egbase
Attorney for Debtor

_/s/ Gabriel Ozel_
Gabriel Ozel
Attorney for Movant

Dated:

_____
UNITED STATES BANKRUPTCY JUDGE

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                    F 4001-10.RP

| In re: | CHAPTER 13 |
| --- | --- |
| NICOLAS ALMONTES and KATHY A DOCKERY, Chapter 13 Trustee | CASE NUMBER 2:09-BK-30545-AA |

# ADEQUATE PROTECTION ATTACHMENT
## (MOVANT: DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE3)

*(This Attachment is the continuation page for Paragraph 7 of the Order on the Motion.)*

The stay shall remain in effect subject to the following terms and conditions:

1. ☐ The Debtor(s) tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor(s) shall make regular monthly payments in the amount of $2,441.13 commencing June 1, 2010. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant hereunder shall be paid to Movant at the following address:

   America's Servicing Company
   1 Home Campus
   Bankruptcy Payment Processing
   MAC# x2302-04c
   Des Moines, IA 50328

3. ☒ The Debtor(s) shall cure the postpetition default consisting of three (3) regular monthly mortgage payments in the amount of $2,692.67 each for February 1, 2010 through April 1, 2010, one (1) regular monthly mortgage payment in the amount of $2,441.13 for May 1, 2010, attorney fees and costs in the amount of $800.00, less suspense balance in the amount of $0.33, less down payment funds to be made on or before May 1, 2010 in the amount of $5,385.35. Total Default Amount: $5,933.46.

   a. ☒ In equal monthly installments of $988.91 each commencing June 15, 2010 and continuing thereafter through and including November 15, 2010.

   b. ☒ By paying the sum of $5,385.35 on or before May 1, 2010.

   c. ☐ By paying the sum of $_____ on or before _____.

   d. ☐ By paying the sum of $_____ on or before _____.

   e. ☐ Other:

4. ☒ The Debtor(s) shall maintain insurance coverage on the property and shall remain current on all taxes that fall due postpetition with regard to the property.

5. ☐ The Debtor(s) shall file a Disclosure Statement and Plan on or before *(specify date)*:
   Disclosure Statement shall be approved on or before *(specify date)*:
   The Plan shall be confirmed on or before *(specify date)*:

6. ☒ Upon any default in the foregoing terms and conditions, Movant shall serve written notice of default to Debtor(s), and any attorney for Debtor(s). If Debtor(s) fails to cure the default within 14 days after mailing of such written notice:

   a. ☐ The stay shall automatically terminate without further notice, hearing or order.

   b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the Court may grant without further notice or hearing.

   c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with Local Bankruptcy Rules.

   d. ☐ The Movant may move for relief from the stay on regular notice.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-10.RP

| In re:<br>NICOLAS ALMONTES and KATHY A DOCKERY, Chapter 13 Trustee | CHAPTER 13<br>CASE NUMBER 2:09-BK-30545-AA |
|---|---|

7. ☒ Notwithstanding anything contained herein to the contrary, the Debtor(s) shall be entitled to a maximum of thee (3) notices of default and opportunities to cure pursuant to the preceding paragraph. Once a Debtor(s) has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Movant shall be relieved of any obligation to serve additional notices of default and provide additional opportunities to cure. If an event of default occurs thereafter, Movant shall be entitled, without first serving a notice of default and providing the Debtor(s) with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the Court may enter without further notice or hearing.

8. ☒ The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor(s).

9. ☒ If Movant obtains relief from stay based on Debtor's(s') defaults hereunder, the order granting that relief shall contain a waiver of the 14-day stay created by Federal Rule of Bankruptcy Procedure 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable non-bankruptcy law.

11. ☒ Other (specify):

   a. ☐ The reasonable attorneys fees and costs incurred by Movant shall be paid through the Debtor's Chapter 13 Plan pursuant to an amended proof of claim to be filed by Movant.

   b. ☒ In the event that the Debtor defaults under this Order and Movant forwards a 10-day letter to Debtor, Debtor shall be required to tender $100.00 for each default letter submitted in order to cure the default.

   c. ☒ Debtor shall comply with the terms and conditions of his Chapter 13 Plan with respect to the payments to the Chapter 13 Trustee.

   d. ☒ Any notice that Movant shall give to Debtor, or Debtor's attorney, pursuant to this Order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

   e. ☐ If Debtor fails to cure a default hereunder and Movant files and serves a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, said order shall terminate the automatic stay of 11 U.S.C. §1301, as twenty days expired from the date Movant requested relief from the co-debtor stay of 11 U.S.C. § 1301 with no written objection having been filed.

   f. ☐ In the event this case is converted to a Chapter 7 proceeding, the Automatic Stay and *Co-Debtor Stay (OPTIONAL)* shall be terminated without further notice, order, or proceedings of the court.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                                              F 4001-10.RP

| In re:<br>NICOLAS ALMONTES and KATHY A DOCKERY, Chapter 13 Trustee | CHAPTER 13<br>CASE NUMBER 2:09-BK-30545-AA |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

The foregoing document described **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 30, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On April 30, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Nicolas Almontes
1065 N Stimson ave
La Puente, CA 91744

Honorable Alan M. Ahart
U.S. Bankruptcy Court
255 East Temple Street, Suite 1382
Los Angeles, CA 90012-3332

Anthony Egbase
800 W 1st St, Ste.400-10
Los Angeles, CA 90012

Kathy A Dockery
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.C.v.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 30, 2010 | Michael Leewright | /s/ Michael Leewright |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-10.RP

F 4001-10.RP

Order on Motion for Relief from Stay (Real Property) – Page 6 of 6

| In re: | CHAPTER 13 |
|---|---|
| NICOLAS ALMONTES and KATHY A DOCKERY, Chapter 13 Trustee | CASE NUMBER 2:09-BK-30545-AA |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify) **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY (ADEQUATE PROTECTION ORDER)** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of April 30, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

info@anthonyegbaselaw.com
efiling@CH13LA.com
ustpregion16.la.ecf@usdoj.gov
ecfcacb@piteduncan.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Nicolas Almontes
1065 N Stimson ave
La Puente, CA 91744

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(es) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                       F 4001-10.RP